## McHALE *vs.* MURPHY *et al.*

A bill alleged that the owner of a house and lot left the state, leaving his property in charge of an agent; that the agent confederated with two other persons, one of whom was a creditor of the owner of the property; that the creditor had the property sold under an attachment, or a pretended attachment, and purchased it himself; that the agent connived at this, although he had sufficient rents in hand to protect the property; that both of them lulled him into security, the creditor by promising to wait for his debt and the agent by promising to protect his property; that upon his return to the state several years thereafter, he found the third one of the conspirators in possession of the house and of his unrecorded deed thereto, which he had left in the possession of the agent. The object of the bill was to recover the property and the deed thereto, to set aside the attachment sale, to have an accounting for rents, or, in default of this, to require the agent to respond for the value of it, and to have general relief:

*Held,* that there was equity in the bill, and it should not have been dismissed on demurrer.

(*a.*) Equity has jurisdiction of all trusts, to have wrongfully obtained papers (the titles to property) delivered up and restored, and to investigate all charges of fraud and fraudulent combinations and

conspiracy. Having obtained jurisdiction on any ground, equity will do justice to all connected with the subject-matter; and for that purpose, it will make all connected with the jurisdictional fact parties.

(b.) There is no statute of limitations in the case. Possession has not been held for seven·years.

(c.) If, in the judgment of the chancellor, any allegation is not sufficiently clear and full, the complainant should be permitted to amend.

Judgment reversed.

April 25, 1834.

JACKSON, Chief Justice.